**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

OUTDOOR TECHNOLOGY, LLC,

      Plaintiff,

v.

AVALARA, INC.,

      Defendant.

Case No. 2:25-cv-11860 (JKS) (SDA)

**WHEREAS OPINION AND ORDER**

March 26, 2026

**STACEY D. ADAMS**, United States Magistrate Judge.

**THIS MATTER** having come before this Court by way of the Cross Motion To Amend The Complaint (the "Cross Motion To Amend") filed by Plaintiff Outdoor Technology, LLC ("Plaintiff") (ECF No. 14); and Defendant Avalara, Inc. ("Defendant") having filed opposition to the Cross Motion To Amend (ECF No. 21); and Plaintiff having filed a reply (ECF No. 26); and the Court deciding the Cross Motion To Amend without oral argument pursuant to Fed. R. Civ. P. 78; and

**WHEREAS,** Plaintiff filed the initial complaint in Bergen County Superior Court on May 19, 2025: (a) alleging that Defendant unilaterally withdrew funds from Plaintiff's account for payment of services that had been canceled; and (b) asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, conversion, and fraud. (ECF No. 1-1). Defendant removed this case based on alleged diversity jurisdiction to federal court on June 16, 2025. (ECF No. 1). Defendant filed a purportedly corrected notice of removal on June 20, 2025. (ECF No. 4).

**WHEREAS,** on August 8, 2025, Defendant filed a motion ("Defendant's Motion") with a

return date of September 2, 2025, arguing that: (a) the complaint should be dismissed because the Court lacked personal jurisdiction over Defendant; and (b) in the alternative, the case should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) based upon a purported mandatory forum-selection clause in the parties' agreement for the services at issue. (ECF No. 7). On August 15, 2025, this Court scheduled an initial scheduling conference to be held on October 7, 2025. (ECF No. 8). On August 27, 2025, Plaintiff requested, pursuant to Local Rule 7.1(d)(5), an automatic extension of that return date to September 15, 2025, which was granted by the Clerk of the Court on August 28, 2025. (ECF No. 10). On September 12, 2025, Plaintiff attempted to file an amended complaint. (ECF No. 11). On September 17, 2025, the Court: (a) struck the amended complaint for being filed out of time pursuant to Fed. R. Civ. P. 15(a)(1)(B); and (b) directed Plaintiff, *inter alia*, to formally move for leave to amend in accordance with Fed. R. Civ. P. 15(a)(2), Local Rule 15.1(a) and the Undersigned's judicial preferences. (ECF No. 13).

**WHEREAS,** on September 19, 2025, Plaintiff filed the Cross Motion To Amend, wherein Plaintiff sought to remedy the deficiencies of the initial complaint raised by Defendant by proposing to add: (a) allegations that Defendant had purposely availed itself of the privilege of conducting activities in New Jersey; (b) allegations that the forum-selection clause is not enforceable; and (c) new counts for violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, and the New Jersey Trade Secrets Act, N.J.S.A. 56:15-1. (ECF No. 14). On October 1, 2025, Plaintiff filed a letter to clarify that it believed that the proposed amended complaint "resolved any alleged deficiencies" and that "Defendant's Motion is moot and should be denied." (ECF No. 19). On October 3, 2025, the Court adjourned the initial scheduling conference pending the resolution of Defendant's Motion and the Cross Motion To Amend. (ECF No. 20). On October 6, 2025, Defendant filed opposition to Plaintiff's Cross Motion To Amend (ECF No. 21), to which

2

Plaintiff replied on October 14, 2025. (ECF No. 26).

**WHEREAS,** on February 24, 2026, District Judge Semper administratively terminated Defendant' Motion pending a decision on the Cross Motion To Amend. (ECF No. 28). As a result, the resolution of the Cross Motion To Amend became the sole province of the Undersigned as the Magistrate Judge assigned to this case. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(a)(1).

**WHEREAS,** motions to amend that are filed before the entry of a pretrial scheduling order are governed by Fed. R. Civ. P. 15(a)(2), which requires the Court to "freely give leave when justice so requires." The Third Circuit Court of Appeals:

> ha[s] consistently adopted a liberal approach to the allowance of amendments. Even when a party is late in moving for leave to amend, we have expressed a preference for allowance of the amendment, so long as the opposing party is not prejudiced by the delay of pleadings.

*DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020). Although a determination as to whether to grant or deny leave to file an amended complaint is discretionary, *see Dooley v. Wetzel*, 957 F.3d 366, 376 (3d Cir. 2020), such leave may be denied if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Cresci v. City of Bayonne*, No. 23-1342, 2024 WL 94099, at *2 (3d Cir. Jan. 9, 2024) (citing factors as set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted). The *Foman* factors "are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017) (citations omitted). However, the most important factor is prejudice to the non-movant. *See id.* at 150.

3

**WHEREAS,** Defendant opposes the Cross Motion To Amend solely on the grounds of futility and undue prejudice. (ECF No. 21 at p. i ("The Proposed Amendment Would Be Futile" and "Allowing Amendment Would Unduly Prejudice [Defendant]")). Defendant does not argue that the amendment was filed after undue delay, in bad faith, or with dilatory motives, and thus the Court will not address those factors. *See Grasso v. Consol. Rail Corp.*, No. 12-cv-398, 2013 WL 3167761, at *8 (D.N.J. June 20, 2013) (holding that if "[d]efendant has not argued bad faith, dilatory motive, undue prejudice, or that plaintiff's proposed amendments would be futile," then "the Court need not conduct an analysis of these elements under Rule 15(a)(2)"); *Selvaggi v. Point Pleasant Beach Borough*, No. 22-cv-708, 2023 WL 3794884, at *3 (D.N.J. June 2, 2023) (holding that factors of undue delay, bad faith, dilatory motive, and futility would not be addressed because defendant did not argue them as bases to deny proposed amendments).

**WHEREAS,** an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990). To determine whether a proposed amendment is futile, courts "appl[y] the same standard of legal sufficiency as applies under Rule 12(b)(6)," meaning a court accepts the allegations "as true, and view[s] them in the light most favorable to plaintiff." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1420, 1434 (3d Cir. 1997). The futility of an amendment may only serve as a basis for denial of leave to amend where "the proposed amendment is frivolous or advances a claim . . . that is legally insufficient on its face." *Harrison*, 133 F.R.D. at 468 (internal quotation marks and citation omitted). However, it is well-settled law that futility arguments are dispositive arguments that are better suited for consideration in a motion to dismiss. *See Colombo v. Bd. of Educ.*, No. 11-cv-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (holding that "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to

engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss"); *Falco v. Zimmer*, No. 13-cv-1648, 2014 WL 12910938, at *4 (D.N.J. June 10, 2014) (holding that because proposed amended claims were not so clearly futile as to deny leave to amend, "such arguments are more appropriately assessed on a dispositive motion"); *Curcio v. Collingswood Bd. of Educ.*, No. 04-cv-5100, 2005 WL 8174855, at *2 (D.N.J. Nov. 22, 2005) (finding it would be inappropriate to reject a proposed amended complaint on grounds of futility, because "the issue may be brought by way of dispositive motion").

**WHEREAS,** Defendant argues the amended complaint still contains fatal jurisdictional defects (*see* ECF No. 21 pp. 5-13), and that Plaintiff has not demonstrated that the forum-selection clause is unenforceable. (*See id.* at pp. 13-16). But the issue of personal jurisdiction is clearly dispositive in nature and therefore would be best addressed in the context of a motion to dismiss pursuant Fed. R. Civ. P. 12(b)(2). *See Diebler v. Sanmedica Int'l, LLC*, No. 19-cv-20155, 2021 WL 5013617, at * 6 (D.N.J. Oct. 28, 2021) (recognizing "the general reluctance in the Third Circuit to rule on personal jurisdiction questions in the context of a motion for leave to amend a complaint"), *aff'd*, 2022 WL 16552777 (D.N.J. Oct. 31, 2022); *Curry v. Bram Auto Grp., LLC*, No. 20-cv-12090, 2021 WL 912898, at *6 (D.N.J. Mar. 10, 2021) (granting motion for leave to amend complaint, and holding that defendant "may, of course, challenge personal jurisdiction in a Rule 12(b)(2) motion"). Further, a determination on the enforceability of a forum-selection clause should be determined in a separate motion to transfer venue utilizing the proper standard under 28 U.S.C. § 1404(a), and not in the context of a motion for leave to amend. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*, 571 U.S. 49, 62 (2013) (requiring a finding of "extraordinary circumstances" to reject a forum-selection clause); *see also Frans Lanting, Inc. v. McGraw-Hill*

5

*Educ. Holdings, LLC*, No. 15-cv-5381, 2016 WL 3231529, at *4 (N.D. Cal. June 13, 2016) (rejecting defendant's argument – that plaintiff's proposed amendment was futile because it was subject to a forum-selection clause requiring the case to be litigated elsewhere – for "misconstru[ing] the requirements of Rule 15," and directing defendant to instead raise the venue issue through an appropriate motion). Therefore, the Court declines to address Defendant's personal jurisdiction and venue arguments in the context of the Cross Motion To Amend. Instead, Defendant may raise these arguments in a renewed motion to dismiss or to transfer venue after the amended complaint is filed.

**WHEREAS,** contrary to Defendant's arguments, the Court further finds that Defendant will suffer no prejudice if the amended complaint is permitted in light of the procedural history of this litigation. (*See* ECF No. 21 at pp. 16-17). First, Plaintiff filed the Cross Motion To Amend within only three months of the removal of the case from state court and within only one month of the filing of Defendant's Motion. (ECF Nos. 1, 4, 7, 14). Second, Defendant cannot argue that it has suffered prejudice in terms of prolonging the discovery process for the simple reason that discovery has yet to commence. (*See* ECF No. 20 (adjourning initial scheduling conference)). *See Tadros v. Stack*, No. 20-cv-12546, 2022 WL 3754833, at *3 (D.N.J. Aug. 30, 2022) (finding defendant would not suffer any prejudice if an amended complaint were permitted because "discovery [wa]s in the early stages in th[e] case"). Third, Defendant is at liberty to file a new motion to dismiss, thereby remedying any potential prejudice. *See Strategic Env't Partners, LLC v. Bucco*, No. 13-cv 5032, 2014 WL 3817295, at *3 (D.N.J. Aug. 4, 2014) (rejecting Defendant's prejudice argument in response to motion to amend complaint because a renewed motion to dismiss was contemplated). And finally, the new, fleshed-out jurisdictional allegations could theoretically expedite the proceedings in this case by potentially relieving the need for the parties

6

to engage in jurisdictional discovery or narrowing the issues to be raised in the context of a renewed motion to dismiss. Therefore, the Court rejects Defendant's arguments concerning prejudice.

**WHEREAS,** Defendant properly asserted in removing this case that it is deemed to be a citizen of both Washington State and North Carolina. (ECF No. 4-1 ¶ 8; ECF No. 6). However, Defendant improperly asserted, without more, that Plaintiff "is a New Jersey limited liability company." (ECF No. 4-1 ¶ 7). In addition, Plaintiff failed to file the required Disclosure Statement pursuant to Fed. R. Civ. P. 7.1(a)(2). The citizenship of all parties must be ascertained to enable the Court to determine whether there is diversity jurisdiction over this case. Therefore, while the Court will permit Plaintiff to file an amended complaint at this juncture, Plaintiff, a limited liability company, is further directed to file a separate certification listing the names (which must be specifically pleaded) and citizenship (and not mere residency) of each of its members, including managing members, majority members, and minority members in compliance with 28 U.S.C. § 1332(a) and (c). When a member is itself an unincorporated business organization of any sort, the citizenship of that member must be properly traced and analyzed accordingly. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). This certification will allow the Court to properly review diversity, and for good cause shown:

**IT IS**, on this **26th** day of **March**, **2026**, hereby **ORDERED** as follows:

1. Plaintiff's Cross Motion To Amend The Complaint (ECF No. 14) is **GRANTED**.

2. Plaintiff shall file a clean copy of the Amended Complaint no later than **April 3, 2026**.

3. Plaintiff shall also file a separate certification properly and fully analyzing its

7

citizenship in the manner set forth above by **April 3, 2026**.

4.      Defendant shall respond to the Amended Complaint within the time frame set forth in the applicable Court Rules.

5.      The Clerk of the Court is directed to terminate the Cross Motion To Amend pending at ECF No. 14.

**SO ORDERED.**

_**/s/ Stacey D. Adams**_
**STACEY D. ADAMS, U.S.M.J.**

Orig:   Clerk
cc:     Parties
        Hon. Jamel K. Semper, U.S.D.J.

8